**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **MORRIS, Steven W.,** | ) | Case Number 19-91107 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

**UNITED STATES TRUSTEE'S**
**MOTION TO EXAMINE DEBTOR'S TRANSACTIONS WITH ATTORNEY**

NANCY J. GARGULA, the United States Trustee for Region 10 ("UST"), by counsel, Sabrina M. Petesch, moves this Court pursuant to 11 U.S.C. § 329(a) and FRBP 2017 to examine Debtor's transactions with her attorney David M. Siegel and to determine if the fee he charged for post-petition services is reasonable.  In support of the motion, the United States Trustee respectfully states as follows:

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2.     The UST is statutorily empowered to monitor the administration of cases commenced under chapters 7, 11, 12 and 13 of the Bankruptcy Code under 28 U.S.C. § 586(a)(3) and has standing to be heard in this proceeding under 11 U.S.C. § 307.  This motion is brought pursuant to 11 U.S.C. § 329(a) and FRBP 2017.

3.     On September 23, 2019, pre-petition, Debtor entered into an agreement to employ attorney Siegel to represent him in this bankruptcy case for a "FLAT FEE" of $2,100.00.  [Doc 1, page 47 of 50, "Chapter 7 Bankruptcy Retainer Agreement"].

4.     On September 23, 2019, pre-petition, Debtor entered into an "Electronic Fund

Transfer (ETF) Authorization" allowing Debtor's counsel to deduct $50 every two weeks starting on October 18, 2019, "continuing without interruption until the entire balance has been collected." [Doc 1, page 49 of 50, "Electronic Fund Transfer (ETF) Authorization"].

5.     On November 15, 2019, Debtor filed his completed Petition, Statement of Financial Affairs, Summary of Assets and Liabilities, Schedules A through J, Statement of Current Monthly Income, Statement of Intention, Disclosure of Compensation, mailing matrix, and necessary Notices and Declarations seeking relief under Chapter 7 of Title 11 of the United States Code.  [Doc 1].

6.     As of November 15, 2019, Debtor had paid counsel $435.  [Doc 1, Page 11, "Statement of Financial Affairs" Question 16, and Doc 1, Page 46 "Disclosure of Compensation of Attorney for Debtor"].

7.     As of November 15, 2019, the filing date, the balance owing under that pre-petition contract ($1,665.00) is dischargeable in this bankruptcy by the Debtor, and the "Electronic Fund Transfer (ETF) Authorization" entered into pre-petition would be in violation of the automatic stay after the case is filed.  *Bethea v. Robert J. Adams & Associates*, 352 F.3d 1125 (7th Cir. 2003).

8.     The UST is not taking the position that the fee paid pre-petition ($435) is unreasonable, nor is the UST asking that it be disgorged.  However, to the extent any fees were collected post-petition under the "Electronic Fund Transfer (ETF) Authorization" entered into pre-petition, the funds should be returned to the Debtor.

9.     Post-petition, on December 4, 2019, presumably because fees were not paid in full pre-petition, Debtor's counsel entered into a second agreement with Debtor in which Debtor was charged $1,665 for the remaining post-petition services, such as reaffirmations and attendance at

the § 341 meeting of creditors.  [Doc 8, page 1 of 1, "Post-Petition Chapter 7 Retainer Agreement"].  Debtor and his counsel did <u>not</u> enter into a post-petition "Electronic Fund Transfer (ETF) Authorization" agreement.

10.    The Bankruptcy Code at 11 U.S.C. § 329(a) and FRBP 2017(b) permit the court to deny compensation to an attorney, to cancel an agreement to pay compensation, or to order the return of compensation paid, if the compensation exceeds the reasonable value of the services provided.

11.    The Court should examine the services provided post-petition by Debtor's counsel to determine if a fee apportionment of $1,665, or 79% of the total fee charged, is reasonable for the remaining post-petition services.

12.    Further, the Court should examine the "Chapter 7 Bankruptcy Retainer Agreement" used by Counsel [Doc 1, page 47 of 50, "Chapter 7 Bankruptcy Retainer Agreement"] to determine if it is in violation of *Bethea* as it appears to bind Debtor pre-petition to a two part payment plan, especially when used in conjunction with the "Electronic Fund Transfer (ETF) Authorization" which gives Counsel the permission to continue deducting $50 every two weeks from Debtor's account, until the entire $2,100 amount is paid in full.  There is no disclosure in this agreement informing Debtor of his right to proceed post-petition with different counsel of his choosing, or *pro se*, for that matter.

**WHEREFORE,** the United States Trustee respectfully requests pursuant to 11 U.S.C. § 329(a) and FRBP 2017(b) that the Court determine whether compensation paid by Debtor to his Counsel post-petition is reasonable in relation to the services rendered, and to the extent a portion is determined to not be reasonable, that it be ordered disgorged and refunded to the Debtor.  The United States Trustee further requests the Court review Counsel's pre-petition

"Chapter 7 Bankruptcy Retainer Agreement" and "Electronic Fund Transfer (ETF) Authorization" for compliance with *Bethea* and grant such additional relief which it deems just.

Respectfully submitted,

NANCY J. GARGULA
United States Trustee

*/s/ Sabrina M. Petesch*

Sabrina M. Petesch
Attorney for U.S. Trustee

United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, Illinois 61602
Telephone: (309) 671-7854 x 228
Sabrina.M.Petesch@usdoj.gov

## CERTIFICATE OF SERVICE

The Undersigned certifies that a copy of the "**UNITED STATES TRUSTEE'S MOTION TO EXAMINE DEBTOR'S TRANSACTIONS WITH ATTORNEY**" was served electronically through CM/ECF upon the following:

- Roger L Prillaman    trusteeprillaman@aol.com, lori.prillamanandmoore@gmail.com, rlp@trustesolutions.net
- David M Siegel    davidsiegellaw@hotmail.com, davidmsiegel@hotmail.com, R41057@notify.bestcase.com, johnellmannlaw@gmail.com
- U.S. Trustee    USTPRegion10.PE.ECF@usdoj.gov

And the following person/entities by enclosing same in an envelope addressed to such person/entities at the addresses indicated:

**STEVEN W. MORRIS**
**300 SPENCER STREET, LOT 82**
**DWIGHT, IL 60420**

with postage fully prepaid and deposited in the United States Postal Service mailbox in Peoria, Illinois, on January 29, 2020.

NANCY J. GARGULA
United States Trustee

*/s/ Sabrina M. Petesch*

Sabrina M. Petesch
Attorney for U.S. Trustee

United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, Illinois 61602
Telephone: (309) 671-7854 x 228
Sabrina.M.Petesch@usdoj.gov